UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 9, 2013

LETTER TO COUNSEL:

    RE:    *Raymond Wells v. Commissioner, Social Security Administration*;
           Civil No. SAG-11-0780

Dear Counsel:

    On March 25, 2011, the Plaintiff, Raymond Wells, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 17, 22. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Mr. Wells filed his claim on June 30, 2008, alleging disability beginning on May 8, 2007. (Tr. 102-05). His claim was denied initially on October 8, 2008, and on reconsideration on December 3, 2008. (Tr. 64-65). A hearing was held on February 3, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 9-40). Following the hearing, on March 26, 2010, the ALJ determined that Mr. Wells was not disabled during the relevant time frame. (Tr. 69-76). The Appeals Council denied Mr. Wells's request for review on February 24, 2011, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Mr. Wells suffered from the severe impairments of chronic obstructive pulmonary disorder ("COPD"), obesity, diabetes mellitus, and congestive heart failure. (Tr. 71). Despite these impairments, the ALJ determined that Mr. Wells retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except: he may only occasionally climb ramps or stairs, balance, stoop, kneel, crouch or crawl; he may never climb ladders, ropes or scaffolds; and, no concentrated exposure to extreme temperatures, dust, gases or other pulmonary irritants.

(Tr. 72). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Wells could perform jobs that exist in significant numbers in the national economy, and that

*Raymond Wells v. Commissioner, Social Security Administration*
Civil No. SAG-11-780
January 9, 2013
Page 2

he was therefore not disabled during the relevant time frame. (Tr. 76).

Mr. Wells presents three arguments on appeal: (1) that his discogenic degenerative back disorder should have been considered severe; (2) that the ALJ did not properly evaluate his obesity pursuant to Social Security Ruling ("SSR") 02-1p; and (3) the ALJ failed to consider the treating physician's opinion that Mr. Wells suffered from Class III heart disease. Each argument lacks merit.

First, Mr. Wells argues that the ALJ's decision was equivocal about whether his back pain and arthritis were severe. Pl. Mot. 3. Mr. Wells contends that one state agency physician's report contradicts a finding that his back impairment was not severe. *Id.* However, after reviewing the record, it is clear that the physician's report cited by Mr. Wells merely confirms that Mr. Wells had a diagnosis of a discogenic back disorder. This evidence does not reflect a finding that it was or was not a severe impairment as that term is defined in the Regulations. (Tr. 65). In fact, as noted by the ALJ in his decision, (Tr. 73), Dr. James Miller's radiology report states that Mr. Wells has "*[m]inor* degenerative arthritic endplate spurring, otherwise negative." (Tr. 422) (emphasis added). An individual's statements about his pain or other symptoms cannot alone establish disability; "there must be medical signs and laboratory findings" to prove disability. *See* 20 C.F.R. § 404.1529(a); SSR 96-3p. The ALJ did not err in finding that Mr. Wells's back pain was non-severe.

Mr. Wells's argument that the ALJ minimized the impact that his obesity had on his other severe impairments also fails. The ALJ found that Mr. Wells's obesity is a severe impairment. (Tr. 71). Pursuant to Social Security Ruling ("SSR") 02-1p, obesity is a severe impairment "when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." Mr. Wells argues that because the ALJ never mentioned his actual BMI, and did not specifically cite SSR 02-1p in his decision, this demonstrates a failure by the ALJ to evaluate the impact of his obesity. However as the Ruling states, "[t]here is no specific level of weight or BMI that equates with a 'severe' or a 'not severe' impairment." SSR 02-1p. Rather, the impact of obesity is on an individual's functioning assessed on a case-by-case basis. *Id.* The ALJ discussed Mr. Wells's obesity, noted that it likely contributed to his alleged back pain, and stated that while Dr. Osei-Boateng observed Mr. Wells was morbidly obese at 350 pounds, he was in no visible distress and had no difficulty getting on and off the exam table. (Tr. 185). Also, the ALJ noted in his decision, and Mr. Wells acknowledged in his testimony at the hearing, that he had lost weight. (Tr. 21, 73). Finally, SSR 02-1p does not have to be cited by an ALJ in his decision. Therefore, I find the ALJ properly evaluated Mr. Wells's obesity.

Finally, Mr. Wells alleges that because Dr. Osei-Boateng described him as suffering from Class III heart disease, he is disabled. At the hearing, Mr. Wells's counsel presented the following hypothetical to the VE:

> Q. [I]f we had an individual with a class three heart classification which caused, according to the New York Heart Classification list, marked limitations of

*Raymond Wells v. Commissioner, Social Security Administration*
Civil No. SAG-11-780
January 9, 2013
Page 3

> physical activity, comfortably at rest, but less than ordinary activity cause fatigue, palpitation or dyspnea. And either as Dr. Botai [sic] says, it's either the heart or the breathing that's causing the classification. Would that individual be able to perform sedentary work that you've enumerated?
>
> A. I don't believe so, no.

(Tr. 37-38). Dr. Osei-Boateng conducted a consultative examination in 2008, and did not serve as a treating physician. (Tr. 73). Moreover, medical opinions are not entitled to controlling weight if they are unsupported or inconsistent with other substantial evidence. *See* 20 C.F.R. § 416.927(c). There is medical evidence in the record which contradicts Dr. Osei-Boateng's classification. For example, in 2009, Mr. Wells was admitted to Maryland General Hospital for abdominal pain, and based on his shortness of breath, Mr. Wells was assessed as having NYHA Classification II, which is indicative of mild heart failure.[1] (Tr. 311). Accordingly, the ALJ did not err in his assignment of weight to Dr. Osei-Boateng's medical opinions, and the ALJ was not required to accept the VE testimony in response to counsel's hypothetical based on that classification.

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF No. 17, will be DENIED and the Commissioner's motion for summary judgment, ECF No. 22, will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] Functional classification refers to the New York Heart Association functional classification. The classes (I-IV) are:

- Class I: no limitation is experienced in any activities; there are no symptoms from ordinary activities.
- Class II: slight, mild limitation of activity; the patient is comfortable at rest or with mild exertion.
- Class III: marked limitation of any activity; the patient is comfortable only at rest.
- Class IV: any physical activity brings on discomfort and symptoms occur at rest.

The Criteria Committee of the New York Heart Association, NOMENCLATURE AND CRITERIA FOR DIAGNOSIS OF DISEASES OF THE HEART AND GREAT VESSELS 253-56 (Little, Brown & Co. ed., 9th ed. 1994).